The Court today in this case and in Campbell v. CutlerHammer, Inc., 646 So.2d 573 (Ala. 1994), revives the doctrine of contributory negligence as a defense in an action based on the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"). Because I believe the rules set forth in these cases represent a substantial and, perhaps, final departure from this Court's intent in Atkins v. American Motors Corp., 335 So.2d 134
(Ala. 1976), and Casrell v. Altec Industries, Inc.,335 So.2d 128 (Ala. 1976), I respectfully dissent.
In Atkins and Casrell, the Court joined a majority of American jurisdictions in adopting a form of strict liability for the manufacture and sale of defective products. Atkins, 335 So.2d at 138. The substance of the cause of action recognized in those cases derived from the Restatement (Second) of Torts § 402A (1965), with one primary distinction — or two primary distinctions according to these two cases released today.
The first distinction — about which there is no dispute — consists of the defense available to a seller based on "the lack of any causal relationship between his conduct and the defective condition of the product." Atkins, 335 So.2d at 141. The application of this defense in the ordinary context allows an intermediate seller or distributor to escape liability upon proof that "he had neither knowledge of the defective condition, nor an opportunity to inspect the product which was superior to the knowledge or opportunity of the consumer," id.
at 143, and this defense "is not to be confused with the burden which rests on the plaintiff to prove that his injuries and damages were the proximate result of the defective condition of the product." Id. at n. 4. See, also, E. Martin, Alabama'sExtended Manufacturer's Liability Doctrine (AEMLD), 13 Am. J. Trial Advoc. 983, 1046-49 (1990).
The rule expressed in this case is based on what the majority perceives — erroneously, I believe — to be a second distinction between the AEMLD and § 402A. The majority concludes that the AEMLD in its pristine form recognizes the defense of contributory negligence in addition to the defense of product misuse. In this case, for example, it holds that the trial court erred in failing to instruct the jury, in accordance with the defendant's requested charge number 22, that Saint could not recover if it found that she "was negligent in the operation or use of the seat belt system installed on the 1984 Chevrolet Celebrity" and that her negligence in that regard "caused or proximately contributed to cause [her] injuries."
I believe this holding contravenes the intent of the Court inAtkins and Casrell. To be sure, both cases describe one of the available affirmative defenses in terms of the plaintiff's "negligence." Atkins, 335 So.2d at 143 ("contributory negligence"); Casrell, 335 So.2d at 134 ("negligent conduct of the plaintiff in using the product"). For a number of reasons, however, I am convinced that the Court intended to adopt, in practice, the § 402A concept of contributory negligence.
First, under the category of "defenses," Casrell set forth, in addition to lack of causal relationship, only two
affirmative defenses — (1) assumption of the risk, and (2) "the negligent conduct of the plaintiff in using the product." 335 So.2d at 134. This statement of defenses must be compared with its counterpart in Atkins, which, in addition to lack of causal relationship and assumption of the risk, listed only "contributory negligence." 335 So.2d 134. Thus, Atkins andCasrell listed only two defenses relating to the plaintiff's *Page 573 
conduct, namely, (1) assumption of the risk and (2) contributory negligence. Those two cases — unlike the majority's opinion in this case — did not recognize three such defenses, namely, (1) assumption of the risk, (2) contributory negligence, and (3) product misuse.
Second, Atkins expressly characterized contributory negligence as the "plaintiff's misuse of the product." Id.
(emphasis added). This characterization is consistent with § 402A, which does not recognize contributory negligence as "a defense when such negligence consists merely in a failure to discover the defect in the product, or to guard against the possibility of its existence." Section 402A, comment n. See, also, E. Martin, supra, at 1037 ("Most courts adopting any form of strict liability in tort have distinguished the concept of 'misuse' as a separately allowable defense, while continuing to reject the traditional defense of contributory negligence altogether"). Similarly, comment h explains:
 "If the injury results from abnormal handling, as where a bottled beverage is knocked against a radiator to remove the cap, . . . the seller is not liable. Where, however, he has reason to anticipate that danger may result from a particular use, . . . he may be required to give adequate warning of the danger. . . ."
(Emphasis added.)
Indeed, as to the general relevancy of the comments to § 402A, the Court added the following caveat: "Although our holding modifies the Restatement's theory of strict liability, the Comment, in large measure, retains its utility; therefore, we attach the official Comment to § 402A as an appendix hereto." Atkins, 335 So.2d at 143 n. 5 (emphasis added). This caveat thus suggests that the Court regarded the comments asparticularly relevant in "fleshing out" the cause of action. Because the comments retain the concept of the plaintiff's fault only in the senses of assumption of the risk and product misuse, I must conclude that the Court in Atkins andCasrell intended to do likewise, that is, I understand those cases as effectively adopting the substance of § 402A comments, as they relate to product misuse, but, merely from deference to long-standing Alabama tradition, engrafting fault-basedterminology on the substantive concepts enshrined in the comments. In other words, I understand Atkins and Casrell asequating contributory negligence with product misuse — defined as a use that is not reasonably foreseeable.
Under this rule, the affirmative defense of "contributory negligence" would bar Saint's recovery only upon a finding that the manufacturer could not reasonably have anticipated that operators of 1984 Chevrolet Celebritys would occasionally fail to eliminate excess slack from their seat belts. Because this case represents a substantial departure from this rule, I respectfully dissent.
KENNEDY, J., concurs.